# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL MARISCAL, #08147-025 ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 11-cv-148-WDS |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on petitioner Miguel Mariscal, Jr.'s pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On July 14, 2008, petitioner pled guilty to conspiracy to distribute and possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2 (Case No. 07-CR-30182). On May 11, 2009, petitioner was sentenced to 240 months' imprisonment. Petitioner's appeal to the Seventh Circuit was dismissed in *United States v. Mariscal, Jr.*, 365 Fed. App'x 16, 17 (7th Cir. 2010).

Petitioner bases the current § 2255 motion on the following facts: His attorney convinced him that if he pled guilty, he would receive a lighter sentence than the mandatory minimum of 20 years because the Government would file a motion under Federal Rule of Criminal Procedure 35 to have his sentence reduced. However, the presentence investigation report recommended 30 years to life in prison based on allegations of a larger drug quantity and possession of a firearm. Those allegations were not among the facts petitioner had stipulated to in the plea agreement. Eventually, petitioner's attorney was removed and a new one appointed. But the new attorney advised him that if he

withdrew his guilty plea, the Court was likely to sentence him from 30 years to life. Petitioner decided to maintain his plea of guilty. The Government then reduced its recommendation to 20 years, but never filed the Rule 35 motion.

In his § 2255 motion, petitioner raises five grounds for relief: (1) The first attorney was ineffective for misinforming petitioner that if he pled guilty he would only be held responsible for the drug quantities in the stipulation of facts and be sentenced to less than 20 years; (2) The Government breached the plea agreement by not filing a Rule 35 motion after petitioner had pled guilty and provided substantial information; (3) The first attorney was also ineffective for failing to inform petitioner that he could be held responsible for a firearm enhancement as well as a larger quantity of drugs not contained in his stipulation of facts; (4) The second attorney was ineffective for failing to provide petitioner with any defenses and for leading him to believe that withdrawing his guilty plea and going to trial would result in a minimum 30-year sentence; (5) Both attorneys were ineffective for failing to advise petitioner whether he should appeal the Court's denial of his motion to suppress.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995); *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997); *see also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir. 1995). Similarly, the voluntariness requirement in waivers of appeal applies "with equal force" to waivers of § 2255 relief. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631–32 (7th Cir. 1997) (citing *Feichtinger*, 105 F.3d at 1190).

However, a valid appellate waiver, though binding in other respects, does not preclude judicial review of a defendant's assertion that the plea agreement itself was the product of ineffective assistance of counsel. *United States v. Jemison*, 237 F.3d 911, 916, n.8 (7th Cir. 2001); *Jones*, 167 F.3d at 1145; *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000).

Here, petitioner argues that counsel misled him by saying he would get a sentence of less than 20 years in exchange for his guilty plea, not informing him about the drug-quantity and firearm enhancements, and saying he would get 30-year sentence if he withdrew his plea (grounds (1), (3), and (4) above). Thus petitioner's waiver of review is inapplicable in this limited scenario. And the Seventh Circuit noted this in its denial of petitioner's appeal, saying an "ineffective-assistance claim . . . is best raised on collateral review, where a complete record can be developed." *United States v. Mariscal, Jr.*, 365 Fed. App'x 16, 17 (7th Cir. 2010) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

The Court **ORDERS** the Government to file a response to petitioner's motion (Doc. 1), attaching all relevant portions of the record, within **THIRTY (30) DAYS**.

**IT IS SO ORDERED.**

**DATED: June 21, 2011**

      /s/  WILLIAM D. STIEHL
         DISTRICT JUDGE